UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



RYAN LEACH,

                         Plaintiff,         18-CV-6387
                                                DISMISSAL ORDER

v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

## INTRODUCTION

On May 21, 2018, *pro se* plaintiff Ryan Leach filed a complaint and an *in forma pauperis* motion pursuant to 28 U.S.C § 1915 in the Northern District of New York. ECF Nos. 1, 3. On May 23, 2018, United States Magistrate Judge Christian F. Hummel transferred this case from the Northern District to this District based on plaintiff's residence in Steuben County. ECF No. 4. On May 25, 2018, this Court issued an order directing plaintiff to submit a proper complaint and *in forma pauperis* motion on the forms for filing a Social Security complaint in the Western District of New York ("WDNY"). ECF No. 6. Plaintiff was given until June 25, 2018 to comply with the Order. *Id.* Plaintiff was provided with the instructions for filing a social security complaint in the WDNY, which included a blank social security complaint and the form for *in forma pauperis* application.

On January 30, 2019, after having received no communication from plaintiff and pursuant to Local Rule of Civil Procedure 41(b), the Court ordered plaintiff to show cause in writing by March 1, 2019 why this case should not be dismissed for failure to adhere to the Court ordered deadlines. ECF No. 10; *see* Loc. R. Civ. P. 41(b) (indicating that if a civil case has been pending

1

for more than six months and is not in compliance with the Court's directions, the Court may order the parties to show cause why the case should not be dismissed). Plaintiff still has not communicated with the Court. Consequently, this case is DISMISSED WITH PREJUDICE.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

As to the duration of plaintiff's failure to comply with the Court's Orders, plaintiff was given until June 25, 2018 to submit a proper complaint and *in forma pauperis* motion. Plaintiff was aware of this Order because he received a copy of the May 25, 2018 Decision and Order, along with a blank social security complaint, *in forma pauperis* application form, and instructions for filing a complaint in the WDNY. ECF No. 6. Nonetheless, he did not file a proper complaint

or *in forma pauperis* motion as was prescribed by the Court. Nearly seven months later, the Court issued an Order to Show Cause advising plaintiff that his failure to comply with its previous Order would result in the dismissal of this case with prejudice. ECF No. 10. The Court's Local Rules also warn that a *pro se* litigant's failure to comply with the Federal and Local Rules of Civil Procedure "may result in the dismissal of the case, with prejudice." Loc. R. Civ. P. 5.2(i).

The Court also finds plaintiff's inaction prejudicial to the Commissioner. The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals.

Similarly, although the Court recognizes plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context, where there are nearly 1,500 Social Security appeals currently pending in this District. This case is almost one year old, yet it is not fully briefed or ready for the Court to rule on its merits.

The Court has given plaintiff opportunities to be heard and pursue his Social Security appeal, but he has refused to prosecute this action and respond to the Court's Orders. Accordingly, the Court finds that dismissal is appropriate as no lesser sanction would compel plaintiff to prosecute this case.

## CONCLUSION

Because plaintiff failed to comply with the Court's Orders and has not communicated with the Court to explain or correct the noncompliance despite being warned of the consequences of failing to respond, this action is DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 20, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court